## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MORGAN HOWARTH** | : | |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | |
| | : | **CIVIL ACTION # 3:25-cv-69** |
| **NRT TEXAS LLC d/b/a COLDWELL** | : | |
| **BANKER REALTY and JOHN** | : | |
| **O'HAUGHERTY** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Morgan Howarth, by and through his undersigned attorneys, respectfully alleges as follows for his complaint against Defendants NRT Texas, LLC and John O'Haugherty.

## PARTIES

1.      Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is an individual residing in Gainesville, Virginia

2.      Defendant NRT Texas LLC d/b/a Coldwell Banker Realty ("Defendant" or "Coldwell Banker") is a Texas limited liability company. According to records maintained by the Texas Secretary of State, Defendant Coldwell Banker may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.      Defendant John O'Haugherty ("Defendant" or "O'Haugherty") is an individual believed to be living in Dallas, Texas. Upon information and belief, O'Haugherty may be served at his residence at 1308 Magnolia Drive, Richardson, Texas 75080, or wherever he may be found.

## NATURE OF THE CLAIMS

4.      This is an action for copyright infringement arising in connection with the unauthorized commercial exploitation of one of Plaintiff's architectural photographs on Defendant John O'Haugherty's business social media pages.

## JURISDICTION AND VENUE

5.      This action arises under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

6.      This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8.      Morgan Howarth is a highly regarded architectural photographer based in Virginia. Howarth utilizes a painstaking process combining multiple exposures to create rich, distinctive results. His work is highly sought after and widely recognized, with an expansive client base including CBS, Timex, Sears, Cole Haan, Home & Design Magazine, Hilton Worldwide, Modern Luxury Magazine, and Marriott International.

9.    According to the Texas Real Estate Commission, Defendant NRT Texas LLC does business as Coldwell Banker, providing real estate brokerage services in Texas.[1]

10.    Defendant John O'Haugherty is a licensed associated Broker and realtor who specializes in residential real estate transactions in the Dallas area, doing business as JO Homes Real Estate Group ("JO Homes"). Upon information and belief, at the time of the infringement, Coldwell Banker was O'Haugherty's sponsoring brokerage.

11.    Howarth is the sole author and creator of the photo at issue in this action (the "Photo"), a copy of which is set forth below:



12.    The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-212-709, effective July 10, 2020. ("**Exhibit 1**").

13.    O'Haugherty prominently featured the Photo on the Instagram and Facebook pages for JO Homes, as shown below, without any authorization or license to do so, as shown below:

---

[1] https://www.trec.texas.gov/apps/license-holder-search/?detail_id=990002353





14.     Under Texas law, sponsoring brokers are liable for the acts of their sponsored

agents. *See* Tex. Occ. Code Ann. § 1101.803; 22 Tex. Admin. Code § 535.2(e); *See Stross v. PR*

*Advisors, LLC*, No. 3:19-CV-1086-G, 2019 U.S. Dist. LEXIS 190506, at *7-11 (N.D. Tex. Oct.

31, 2019).[2] At the time of the infringement, Defendant Coldwell Banker acted as Defendant John O'Haugherty's sponsoring brokerage, making it vicariously liable for his actions.

15.    On December 4, 2023, Plaintiff placed Defendants on notice of O'Haugherty's unauthorized use of the Photo. Although the Photo was eventually removed from O'Haugherty's JO Homes social media pages, Plaintiff's efforts to settle his claims were rejected, leaving him with no alternative but to file this lawsuit.

## COUNT 1: COPYRIGHT INFRINGEMENT

16.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

17.    By his actions alleged above, Defendant O'Haugherty infringed Howarth's copyrights in the Photo. Specifically, by copying, displaying, distributing, and otherwise exploiting the Photo on his JO Homes' Instagram and Facebook pages, O'Haugherty infringed Howarth's exclusive rights set forth in 17 U.S.C. § 106.

18.    Upon information and belief, Defendant Coldwell Banker is jointly and severally liable for any direct copyright infringement committed by Defendant O'Haugherty because it participated in the acts of infringement and/or because it determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp.3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

19.    Upon information and belief, Defendants' actions constituted willful infringement of Howarth's copyrights inasmuch as they knew, or had reason to know, that O'Haugherty's use

---

[2] In *Stross v. PR Advisors, LLC*, the court held that a real estate broker's statutory obligation to supervise its sponsored agents established the "right and ability to supervise" for the purposes of vicarious copyright infringement liability. *Id*. at *7-11. Specifically, the court noted that [a] licensed broker is liable . . . to the public . . . for any conduct engaged in under this chapter by . . . a sales agent associated with or acting for the broker. *Id*. at *8 (citing Tex. Occ. Code Ann. § 1101.803). A sponsoring broker may be held vicariously liable for copyright infringement committed by a sponsored agent. *Id*. at *10-11.

of the Photo was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights. For example, Defendants' reckless failure to ensure that O'Haugherty's use of the Photo was authorized and/or to implement any policies for the use of copyrighted works on social media suggests willful infringement. *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported a finding of willfulness); *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant … recklessly disregarded the possibility" of infringement).

20.     As a result of the foregoing, Howarth is entitled to actual damages, plus Defendants' profits; and/or statutory damages of up to $150,000 per work infringed by Defendants, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2: VICARIOUS INFRINGEMENT

21.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

22.     In addition to, and/or in the alternative to direct infringement, Defendants O'Haugherty and Coldwell Banker are jointly and severally liable for vicarious copyright infringement. Upon information and belief, O'Haugherty and Coldwell Banker (as O'Haugherty's sponsoring broker) had the right and ability to supervise the infringing activities of their agents, contractors, and representatives (including the person or persons who placed the Photo on the JO Homes social media accounts)[3] and the practical ability to stop the infringement (by prohibiting use of the Photo and/or causing the removal of the Photo from the JO Homes social media accounts).

23.     Defendants also derived a direct financial interest in the infringing activities of their agents, contractors, and representatives by virtue of the business generated through the unlicensed

---

[3] Indeed, Coldwell Banker had a *legal obligation* to supervise O'Haugherty's activities. *See* para 14, *supra*.

use of the Photo. Specifically, O'Haugherty used the Photo to draw potential customers to his social media, keep them engaged, and induce them to use his realtor services. This activity directly benefitted Coldwell Banker through associated commissions, fees, and increased visibility. Moreover, Defendants avoided paying licensing fees for the Photo, gaining an unfair competitive advantage and saving the costs of properly licensing the work. *See., e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

24.     Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use and display of the Photo required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights. Moreover, Coldwell Banker's failure to monitor and supervise the marketing activities of O'Haugherty, despite clear statutory obligations, and its continued acceptance of benefits derived from the unauthorized use of the Photo, demonstrates willful blindness or reckless disregard of Plaintiff's copyrights.

25.     As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

### <u>PRAYER</u>

Plaintiff Howarth prays for:

A.     An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photograph at issue;

B.     For each work infringed by Defendants, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.      An award to Plaintiff of its reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5);

D.      Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.      Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**

By: /s/ R. Buck McKinney
     R. Buck McKinney
     Texas Bar No. 00784572
     1204 San Antonio Street, Second Floor
     Austin, Texas 78701
     t: (512) 222-6883
     f: (512) 900-7967
     service@aminiconant.com
     buck@aminiconant.com

*Counsel for Plaintiff*

**EXHIBIT 1**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marie Strong*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-212-709

**Effective Date of Registration:**
July 10, 2020

**Registration Decision Date:**
August 07, 2020

---

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published:   February 01, 2020 to June 07, 2020

**Title** _____

| | |
|---|---|
| **Title of Group:** | Morgan Howarth - Group Registration Photos - Published February 1 - June 31 2020; 51 photos |
| **Number of Photographs in Group:** | 51 |
| • **Individual Photographs:** | ALS_DC_Bedroom_1_Pano_F_R.jpg, ALS_DC_Study_Pano_F_R.jpg, ALS_DC_Bath_3_Sink_Mirror_Pano_F.jpg, ALS_DC_Bedroom_1_L_Lamp_On_F.jpg, ALS_DC_Study_Pano_F.jpg, ALS_DC_Bedroom_1_Mirror_F_R.jpg, ALS_DC_Master_Bath_4_Pano_F_R.jpg, ALS_DC_Guest_Bath_1_F.jpg, ALS_DC_Bedroom_1_L_Lamp_Off_F.jpg, ALS_DC_Guest_Bath_1_F_R.jpg, ALS_DC_Bath_3_Sink_Mirror_F_R.jpg, ALS_DC_Bath_3_Shower_F.jpg, ALS_DC_Master_Bath_Pano_2_F.jpg, ALS_DC_Bedroom_1_Mirror_F, ALS_DC_Bath_1_Shower_F.jpg, ALS_DC_Bath_1_Sink_F_R, ALS_DC_Master_Bath_Sinks_F.jpg, ALS_DC_Bath_2_Sink_Mirror_F_R.jpg, ALS_DC_Master_Bath_4_Pano_F.jpg, ALS_DC_Master_Bath_Pano_F.jpg, ALS_DC_Bath_3_Sink_Mirror_F.jpg, ALS_DC_Bath_2_Sink_Mirror_F.jpg, ALS_DC_Bedroom_1_Pano_F.jpg, ALS_DC_Bath_2_Sink_Pano_F.jpg, ALS_DC_Bath_1_Sink_F.jpg, |
| **Published:** | February 2020 |
| • **Individual Photographs:** | 12116_Bennett_Kitchen_5_Pano_Lft_Open_F.jpg, 12116_Bennett_Kitchen_Handles_2_F.jpg, 12116_Bennett_Kitchen_Handles_1_F.jpg, 12116_Bennett_Kitchen_3_Pano_F.jpg, 12116_Bennett_Kitchen_4_Pano_F.jpg, 12116_Bennett_Kitchen_2_2_F.jpg, 12116_Bennett_Kitchen_5_Pano_Rt_Open_F.jpg, 12116_Bennett_Kitchen_5_Pano_Closed.jpg, 12116_Bennett_Kitchen_Handles_3_F.jpg, 12116_Bennett_Kitchen_5_Pano_All_Open_F.jpg, 12116_Bennett_Kitchen_1_2_F.jpg, 1409_Emerson_Ping_Pong_F.jpg, 1409_Emerson_Basement_Stair_F.jpg, 1409_Emerson_Dining_Pano_F.jpg, 1409_Emerson_Stair_kitchen_Dining_F.jpg, 1409_Emerson_Fireplace_F.jpg, 1409_Emerson_Kitchen_Eating_Counter_F, 1409_Emerson_Kitchen_1_L.jpg, 1409_Emerson_Master_Bath_F.jpg, 1409_Emerson_Master_Bath_2_F.jpg, 1409_Emerson_Exterior_Right_Rear_F.jpg, |

|   | 1409_Emerson_Balconey_Pano_F.jpg, |
|---|---|
|   | 1409_Emerson_Exterior_Lft_Rear_F.jpg, 1409_Emerson_Front_Hall_F.jpg, |
|   | 1409_Emerson_Master_Bedroom_F.jpg, |
|   | 1409_Emerson_Living_Room_Pano_F.jpg, |
| **Published:** | June 2020 |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2020 |
| **Earliest Publication Date in Group:** | February 01, 2020 |
| **Latest Publication Date in Group:** | June 07, 2020 |
| **Nation of First Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Morgan Howarth |
| **Author Created:** | photographs |
| **Citizen of:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Morgan Howarth |
| | 13520 Norwick PL, Gainesville, VA, 20155, United States |

## Certification

| | |
|---|---|
| **Name:** | Barbara Konecny |
| **Date**: | July 10, 2020 |
| **Applicant's Tracking Number**: | MH 2020 |

| | |
|---|---|
| **Copyright Office notes:** | Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group. |
| | Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) were owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application. |